CAVE & MORRIS v. HALL, ADMR. OF SUMNER.

1.  The failure of a defendant to serve the plaintiff with a copy of his pleas (in pursuance of an agreement giving defendant further time to plead,) is waived by the plaintiff pleading over.
2.  Plaintiffs sold the defendant goods, to be paid for when he sold the same. Defendant took the goods to Santa Fe—sold them, partly for cash, which he gave to plaintiffs, and partly for notes, which he also delivered to plaintiffs on his return. Plaintiffs afterwards collected the notes, but were robbed of the money on their return from Santa Fe. In an action by plaintiffs against defendant for the value of the goods, it was held, that a jury, under this state of evidence, might well find for defendant.

ERROR to the circuit court of Montgomery county.

*Heard*, for plaintiff in error:

This was an action of assumpsit, brought by Cave and Morris, against the administrator of Sumner. The declaration contains two counts; one for goods, &c. sold and delivered to Sumner, and the other for money laid out and expended for Sumner's use. The record shows that, at the return term of the summons in the cause, by consent of the parties, leave was given to the defendant to file his pleas to said action on or before the 13th day of December, 1835, upon condition that said defendant should cause copies of said pleas to be served on plaintiffs' attorney. On the 12th day of December, 1835, the defendant filed in the office of the clerk of the circuit court his pleas of non assumpsit and payment. The record does not show that either of said pleas was served on the plaintiffs' attorney, the condition upon which time was given. At the April term of the court, the cause came on to be tried. A jury were sworn to try the issue between the parties. The jury returned in court a verdict as follows: "We the jury find for the defendant." No issue had been made up by the parties, nor has any yet been made up; on the contrary, the defendant has not shown that he has complied with the condition upon which time was given him to file his pleas— see Revised Code, 45. Again, the verdict of the jury is irregular; they find for the defendant generally—see 1 vol. Mo. Reports, page 258; same book, 256–7.

The bill of exceptions shows, in substance, that the plaintiffs purchased for Sumner, in the spring of 1831, goods to the value of three or four hundred dollars, or more, witness could not tell the precise amount. That defendant was to pay them for the goods when he sold them; that they all went to Santa Fe the same year, and that Sumner sold the goods, part for ready money, and

AUG. TERM,
1837.

Cave & Morris
v.
Hall, admr. of
Sumner.

part on a credit; witness did not know how much for ready money, nor what amount on a credit; that Cave, one of the plaintiffs, went back to Santa Fe the next spring, 1832, and carried with him Sumner's notes; that Cave received the money due on the notes, and on his way from Santa Fe to the United States, was robbed of the same by a tribe of Indians, who made a hostile attack upon him, and the balance of the company with him, and compelled them all to abandon their money; that it was impossible for Cave to have saved the money. The plaintiffs moved the court to set the verdict aside and grant a new trial. The motion was overruled, and the plaintiffs excepted to the opinion of the court.

*P. Williams, Porter,* and *Glover,* for defendant in error:
Defendants say there is no error in the record, and rely upon the following points for the affirmance of the judgment of the circuit court.

1. There is apparent upon the record evidence enough to justify the jury in finding for the defendant—see McKnight v. Wells, 1 vol. Mo. Dec. page 13.

2. The plaintiffs went upon the general counts, when the contract proven was a conditional one, and should have been specially declared on to enable the plaintiffs to recover upon it.

3. For all this court can tell from the record, there was other testimony adduced on the trial than that exhibited by the bill of exceptions—see Foster and Foster v. Nowlin, May term, 1835; Collins v. Bowman, 2 vol. Mo. Dec. As to the objection made by plaintiff in error, that he had no notice of the defendants' pleas, he cannot now take advantage of it; having gone to trial below, he waived notice. (See motion for a new trial.)

4. As to the failure of the plaintiff in error to have added a similiter below, it is but irregular at best—was not prejudicial to the plaintiffs, and cannot now, for the first time, be objected to by them—see Jeffrie v. Robedeaux, 3 vol. Mo. Dec. page 33; also Hubble v. Patterson, 1 vol. Mo. Dec. page 392.

EDWARDS, Judge, delivered the opinion of the court.

This was an action of assumpsit, brought by Cave and Morris against Hall, administrator of Sumner. The declaration contains two counts; one for goods sold and delivered to Sumner; the other for money laid out and expended for Sumner's use. By agreement between the

parties, leave was given the defendant to file his pleas at a period later than that required by the statute, on condition that said defendant caused copies of said pleas to be served on the plaintiffs' attorney. In the time agreed on, the defendant filed his pleas, non assumpsit and payment. No copy of either of said pleas was served on plaintiffs' attorney. On the trial, the plaintiffs, by their attorney, appeared and prosecuted their cause. The plea of payment was withdrawn. Verdict was for defendant. The plaintiffs moved for a new trial. The court overruled the motion. The bill of exceptions shows this state of facts: In the spring of 1831, Cave and Morris purchased, for Sumner, goods to the amount of three or four hundred dollars. Sumner paid one hundred and fifty dollars for said goods, and was to pay the balance of the cost of said goods when he sold them. Said goods were boxed up, and in the wagons of Cave and Morris. Sumner was with them; all the parties went on to Santa Fe together, trading in goods. The goods were carried to Santa Fe and there sold by Sumner during the same year, part for cash, and part on a credit. Neither the amount sold for cash, nor the amount sold on a credit, is stated. Cave, one of the plaintiffs, went to Santa Fe the next spring, 1832, and took the notes belonging to Sumner with him, and received the money for them. The amount is not stated. On his return, Cave was robbed by a tribe of Indians that made a hostile attack and compelled him to abandon his money.

The first point raised by appellant is, that he had no notice of defendant's pleas. It is too late to take advantage of this objection now. He went to trial below, and in doing so, waived his right to object to the want of notice. Where a party proceeds in his cause by pleading to the merits, or by doing any other act to admit notice, the court will presume notice or a waiver of notice—Hampstead v. Darby, 2 Mo. Dec. 25.

The next point made by appellant is, that the notes delivered by Sumner to Cave did not amount to a payment of the debt. The delivery of the notes could not amount to a payment of the debt, unless it had been expressly agreed between the parties, that they should be so considered. This does not appear to have been the case. But Cave received the money on these notes, and had the right to apply that money to the payment of his debt. The jury could fairly have presumed that he did so. It would have been unreasonable to require Cave to

AUG. TERM, 1837.

Cave & Morris v. Hall, admr. of Sumner.

The failure of a deft. to serve the pltf. with a copy of his pleas, (in pursuance of an agreement giving deft. further notice to plead,) is waived by the pltf. pleading over.

pay this money over to Sumner, that Sumner might immediately repay it to him in discharge of his debt.

Upon the whole, it is not clear that the finding of the jury was against the evidence; unless it were so, this court would not undertake to disturb the verdict. The judgment of the circuit court is therefore affirmed.